The Honorable David Choate State Representative 709 N. Main Street Beebe, Arkansas 72012-22821
Dear Representative Choate:
This official Attorney General opinion is rendered in response to certain questions you have raised concerning the authority of the county court to alter property assessments. More specifically, you have asked:
 (1) Is it within the authority of the county judge, acting as the county court, to void or to roll back all the reappraisals of property made within the county during a particular year?
 (2) Does the county judge, acting as the county court, have standing to act under its own authority to open an appeal on the assessed values of all property within the county and to change the assessed values of all reappraised property within the county back to the previous year's assessed values?
RESPONSE
Before proceeding to address your specific questions, I must note that both of your questions appear to touch upon issues related to legislation affecting Amendment 59 of the Arkansas Constitution that are currently in litigation and upon which I am not at liberty to opine. Nevertheless, they do raise general questions regarding the jurisdiction and authority of the county court that are not in litigation. I will therefore address the general questions.
Question 1 — Is it within the authority of the county judge, acting asthe county court, to void or to roll back all the reappraisals ofproperty made within the county during a particular year?
It is my opinion that the county judge, acting as the county court, does not have the authority to void or to roll back all the reappraisals of property made within the county during a particular year.
Although it is true that the county judge, acting as the county court, does have jurisdiction over matters involving county taxes (including "all real and personal ad valorem taxes collected by a county government," as well as "all related administrative processes, assessment of property, equalization of assessments on appeal, tax levies, tax collection, and distribution of tax proceeds," A.C.A. §14-14-1105(b)(1)), this jurisdiction must be exercised "pursuant to law."Id.
The only manner in which the law authorizes the county judge, acting as the county court, to affect property assessments, is through the process of hearing appeals by individual taxpayers, or by the assessor, of a decision of the board of equalization concerning an individual taxpayer's assessment. The county court can act in this manner only after the county board of equalization has made a determination concerning the assessor's decision about the individual property owner's assessment.
The procedure is as follows: Individual property owners are entitled to apply to the county board of equalization for an adjustment of the assessment of their own property or that of another person. A.C.A. §26-27-317.[1] Both the individual property owner and the assessor are then entitled to appeal the board's decision to the county court.
The county court's authority to hear such appeals is stated in A.C.A. §26-27-318, as follows (in pertinent part):
26-27-318. Appeals to courts.
 (a)(1) The assessor or any property owner who may feel aggrieved at the action of the county equalization board may appeal from the action of the board to the county court by filing petition of appeal with the clerk of the county court.
* * *
 (b) No appeal to the county court shall be taken except by those who have first exhausted their remedy before the board, excepting all cases where the petitioner shall have had no opportunity to appear before the board.
* * *
 (d) No reduction shall be allowed except on evidence corroborative of that of the owner.
A.C.A. § 26-27-318.
It is clear from the procedure mandated by A.C.A. §§ 26-27-317 and -318, as well as from the language of those statutes, that the county court's authority to affect assessments can only be exercised in connection with the assessment of individual property owners' property. That is, the county court can adjust assessments only on a case-by-case basis. There is no statutory authority for the county court to adjust, in a blanket fashion, all assessments in the county.[2]
Because the county court is limited to exercising its authority concerning the adjustment of property assessments in the manner directed by law, see A.C.A. § 14-14-1105(b)(1), and because the law directs the county court to exercise that authority only on a case-by-case basis in connection with individual property owners' property assessment, I must conclude that the county court does not have the authority to adjust the assessments of all the property in the county in one blanket order.
Question 2 — Does the county judge, acting as the county court, havestanding to act under its own authority to open an appeal on the assessedvalues of all property within the county and to change the assessedvalues of all reappraised property within the county back to the previousyear's assessed values?
It is my opinion that the county judge, acting as the county court, does not have standing to act under its own authority to open an appeal of the assessed values of all property within the county and to change the assessed values of all reappraised property within the county back to the previous year's assessed values.
The only persons who are given standing to appeal property assessment decisions are individual property owners and the assessor.
As discussed in response to Question 1, above, individual property owners may apply to the county board of equalization for an adjustment of their assessments or the assessment of another person. Therefore, only individual property owners actually have standing to begin the appeal process with the board of equalization.
As also discussed in response to Question 1, both the individual property owners and the assessor are given standing to appeal the board's decision to the county court. A.C.A. § 26-27-318. These are the only parties who are entitled to appeal. The county court is not given authority to open an appeal on any party's behalf, nor can it appeal on its own motion. (Indeed, because appeals must come from a decision of the board of equalization concerning an individual property owner's assessment, there could be no circumstances under which a county court would be in a position to open an appeal on its own motion.)
For these reasons, I must conclude that the county court does not have standing to open an appeal of the assessed values of all property within the county. Moreover, for the reasons stated in response to Question 1, the county court is also without authority to change the assessed values of all reappraised property within the county back to the previous year's assessed values.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] A.C.A. § 26-27-317 states:
26-27-317. Applications for adjustment.
 (a) Any property owner, by petition or letter, may apply to the county equalization board for the adjustment of the assessment of his own property or that of another person as assessed by the county assessor. All applications shall be made to the board on or before the third Monday in August.
 (b) Any property owner, in person, by agent, petition, or letter, may apply to the board for the adjustment of the assessment of his own property or that of another person as equalized by the board. All applications shall be made to and considered by the board on or before the first Saturday next preceding the third Monday in September.
A.C.A. § 26-27-317.
[2] The county court could, of course, affect all assessments in the county in the unlikely event that all taxpayers in the county appealed their assessments to the county board of equalization, and the board's decision were, in turn, appealed to the county court. Even in that situation the county court would be required to adjust the assessments on a case-by-case basis.